UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABEL BAND, CHARTERED,

    Plaintiff,

v.                                                        Case No: 8:15-cv-359-T-36TGW

TWIN CITY FIRE INSURANCE
COMPANY and COAST INVESTMENT
GROUP, LLC,

    Defendants.
_____/

## **ORDER**

    This matter comes before the Court upon the Defendant's Motion to Realign (Doc. 5). Plaintiff was ordered to respond to the motion by March 24, 2015 but has not done so. *See* Doc. 15. Defendant Twin City Fire Insurance Company ("Twin City") argues that co-defendant Coast Investment Group, LLC ("Coast") does not have interests adverse to Plaintiff Abel Band, Chartered ("Abel Band") and, therefore, should be realigned as a plaintiff. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Realign.

    The Complaint in this action seeks declaratory relief concerning whether Twin City has a duty to defend and/or indemnify Abel Band in connection with two other civil actions filed by Coast against Abel Band. Those cases are currently pending before the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, where this action was originally filed. Twin City removed this action from state court on the basis of diversity jurisdiction. See Doc. 1 at p. 2. In its Notice of Removal, Twin City states that Abel Band is a citizen of Florida, Twin City is a citizen of Indiana and Connecticut, and Coast is a citizen of Florida, New Jersey, Virginia and

New Mexico. For diversity jurisdiction to exist there must be complete diversity in that no defendant can be a citizen of the same state as any plaintiff. Thus, before determining the propriety of Twin City's removal, the Court must first ensure that the Parties are aligned according to their actual interests in the case. *See Fla. First Nat. Bank of Jacksonville v. Bagley,* 508 F. Supp. 8, 9 (M.D. Fla. 1980).

"[F]ederal courts are 'required to realign parties according to their real interests so as to produce an actual collision of interests.'" *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1340 (N.D. Ga. 2000). "In determining whether the parties are properly aligned, the Court must determine the principal purpose of the case. Thus, 'if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes.'" *La Shangrila, Inc. v. Hermitage Ins. Co.,* Case No. 8:07-cv-1133-T-24EAJ, 2007 WL 2330912, at 2 (M.D. Fla. Aug. 13, 2007) (citations omitted). *See also City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (stating that "collision of interest" is "ascertained from the 'principal purpose of the suit and the 'primary and controlling matter in dispute'") (citations omitted).

Twin City notes that Abel Band makes no claim for relief against Coast and that the principal purpose of this suit is to determine whether Twin City owes Abel Band a duty of defense and indemnity under the insurance policy at issue in two underlying actions brought by Coast against Abel Band. Coast's interests align with Abel Band's in this pursuit because, if Abel Band is successful, it will ensure that insurance proceeds are available to pay any judgment Coast may obtain in the underlying actions.

In two similar cases, *La Shangrila, Inc. v. Hermitage Ins. Co., supra,* and *Wheeler's Moving & Storage, Inc. v. Markel Ins. Co.,* Case No. 11–80272–CIV, 2011 WL 3419633 (S.D.

Fla. Aug. 4, 2011), the court realigned the parties so that the plaintiff in underlying actions against the insured was also aligned as a plaintiff in the insureds' coverage action against its insurer. Indeed, the insured and underlying tort plaintiff are commonly aligned on the opposite side of the insurer in declaratory judgment actions like this one. *See, e.g., Prudential Prop. & Cas. Ins. Co. v. Swindal,* 622 So. 2d 467, 468 (Fla. 1993); *Higgins v. State Farm Fire & Cas. Co.,* 894 So. 2d 5, 8 (Fla. 2004); *Castro v. Allstate Ins. Co.,* 724 So. 2d 133, 134 (Fla. 3d DCA 1998). Accordingly, the Court finds here that Coast must be realigned as a plaintiff given that its interests are aligned, if at all, with Abel Band's effort to obtain indemnity. It is hereby

    **ORDERED**:

    1.    Defendant's Motion to Realign (Doc. 5) is GRANTED.

    2.    The Clerk is directed to modify the case style of this action so that Coast Investment Group, LLC is listed as a plaintiff, rather than a defendant.

    **DONE AND ORDERED** in Tampa, Florida on June 1, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any